UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

| | |
|---|---|
| THERON PRESTON WASHINGTON, | Civil No. 14-525 (JRT/JSM) |
| Plaintiff, | |
| v. | **REPORT AND RECOMMENDATION** |
| DERAY VAGHN, and<br>PRINCE HALL, | |
| Defendants. | |

This case is before the undersigned United States Magistrate Judge on Plaintiff's application for leave to proceed <u>in</u> <u>forma</u> <u>pauperis</u>, ("IFP"), as permitted by 28 U.S.C. § 1915(a)(1). (Docket No. 2.) The matter has been referred to this Court for a Report and Recommendation under 28 U.S.C. § 636 and Local Rule 72.1. For the reasons discussed below, it is recommended that plaintiff's IFP application be denied, and that this action be summarily dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

**I.    BACKGROUND**

Plaintiff is attempting to sue two defendants identified as Deray Vaghn and Prince Hall. Although much of plaintiff's complaint is unintelligible, it is quite clear that plaintiff believes the named defendants are somehow preventing him from practicing his religious beliefs as he sees fit. Plaintiff claims that defendants are violating his federal constitutional rights under the First Amendment, and he is seeking relief against defendants under the federal civil rights laws. However, the Court finds that plaintiff has failed to plead an actionable claim for relief, and this action must therefore be dismissed.

**II.      DISCUSSION**

An IFP application will be denied, and the action will be dismissed, when a plaintiff has filed a complaint that fails to state a cause of action on which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(ii); Atkinson v. Bohn, 91 F.3d 1127, 1128 (8th Cir. 1996) (per curiam).

To state an actionable claim for relief, a plaintiff must allege a set of specific historical facts, which, if proven true, would entitle the plaintiff to some redress against the named defendant(s) under some cognizable legal theory.  See Martin v. Aubuchon, 623 F.2d 1282, 1286 (8th Cir. 1980) (although federal courts must "view pro se pleadings liberally, such pleadings may not be merely conclusory: the complaint must allege facts, which if true, state a claim as a matter of law").  A complaint fails to state a cause of action if it does not allege "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007).  The facts supporting a plaintiff's claims must be clearly alleged.  Federal courts are not required to "assume facts that are not alleged, just because an additional factual allegation would have formed a stronger complaint." Stone v. Harry, 364 F.3d 912, 915 (8th Cir. 2004).

In this case, plaintiff is trying to sue defendants for allegedly violating his First Amendment rights.  A citizen can seek relief for alleged violations of his federal constitutional rights by bringing a civil rights action under 42 U.S.C. § 1983.  See Nelson v. Campbell, 541 U.S. 637, 643 (2004) ("[s]ection 1983 authorizes a 'suit in equity, or other proper proceeding for redress,' against any person who, under color of state law, 'subjects, or causes to be subjected, any citizen of the United States ... to the deprivation of any rights, privileges, or immunities secured by the Constitution'") (citations omitted).  To state

an actionable § 1983 claim, however, a complainant must allege facts showing that the named defendant(s) violated the complainant's constitutional rights while acting under color of state law. West v. Atkins, 487 U.S. 42, 48 (1988). See also Moore v. City of Desloge, Mo., 647 F.3d 841, 846 (8th Cir. 2011) (§ 1983 "authorizes a private right of action against those who, under color of law, deprive a citizen of 'any rights, privileges, or immunities secured by the Constitution and laws'") (citations omitted) (emphasis added). It is well settled that "[o]nly state actors can be held liable under Section 1983." Youngblood v. Hy-Vee Food Stores, Inc., 266 F.3d 851, 855 (8th Cir. 2001) cert. denied, 535 U.S. 1017 (2002).

Plaintiff's current complaint fails to state an actionable § 1983 claim, because it does not show that either of the named defendants is a state actor. Nothing in plaintiff's complaint suggests that either defendant is employed by, or is an agent of, any governmental entity. Indeed, even though much of plaintiff's pleading is incomprehensible, it seems quite clear that both defendants are private antagonists, not government agents or employees.

In sum, plaintiff has not alleged a clear and cogent set of facts, which if proven true, would show that defendants violated plaintiff's constitutional rights while defendants were acting under color of state law. Therefore, plaintiff has not pleaded an actionable § 1983 claim.[1]

---

[1] Even if plaintiff had alleged that defendants are state actors, his complaint still would be deficient, because it does not adequately describe what defendants actually did (or failed to do) that allegedly violated plaintiff's constitutional rights. Plaintiff's vague, confusing and conclusory allegations would not support a § 1983 claim against either named defendant, even if they were state actors. See Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009) ("[w]hile legal conclusions can provide the framework of a complaint, they must be

**III.   CONCLUSION**

For the reasons discussed above, the Court finds that plaintiff's current complaint fails to state a cause of action on which relief may be granted. The Court will therefore recommend that this action be summarily dismissed, and that plaintiff's IFP application be denied, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

**IV.   RECOMMENDATION**

Based upon the foregoing and all of the files, records and proceedings herein,

IT IS HEREBY RECOMMENDED that:

1.   Plaintiff's application to proceed in forma pauperis, (Docket No. 2), be DENIED; and

2.   This action be DISMISSED pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

Dated:   February 28, 2014

*s/ Janie S. Mayeron*
JANIE S. MAYERON
United States Magistrate Judge

Under D.Minn. LR 72.2(b) any party may object to this Report and Recommendation by filing with the Clerk of Court, and serving all parties by **March 14, 2014**, a writing which specifically identifies those portions of this Report to which objections are made and the basis of those objections. Failure to comply with this procedure may operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals. A party may respond to the objecting party's brief within ten days after service thereof. All briefs filed under this rule shall be limited to 3500 words. A judge shall make a de novo determination of those portions of the Report to which objection is made. This Report and Recommendation does not constitute an order or judgment of the District Court, and it is therefore not appealable directly to the Circuit Court of Appeals.

---

supported by factual allegations"). Indeed, plaintiff's current complaint does not present sufficient facts to support any claim for relief against defendants that could be entertained in federal court.