**UNITED STATES DISTRICT COURT**

**DISTRICT OF MINNESOTA**

| | |
|---|---|
| THERON PRESTON WASHINGTON, | Civil No. 14-525 (JRT/JSM) |
| Plaintiff, | |
| v. | **MEMORANDUM OPINION AND ORDER ADOPTING REPORT AND RECOMMENDATION OF MAGISTRATE JUDGE** |
| DERAY VAGHN and PRINCE HALL, | |
| Defendants. | |

Theron Preston Washington, c/o Stephanie, 1201 Harmon Place, Suite 103, Minneapolis, MN  55403, *pro se*.

Plaintiff Theron Preston Washington filed this complaint alleging that defendants violated his First Amendment rights by preventing him from practicing his religion.  He also applied to proceed in forma pauperis ("IFP").  United States Magistrate Judge Janie S. Mayeron issued a Report and Recommendation ("R&R") recommending that the Court deny Washington's application to proceed IFP because he failed to allege that the defendants acted under color of state law, and thus Washington's First Amendment claim must fail.  Washington objected, and has since filed more than a dozen other motions and documents with the Court.  After a careful review of each of these documents, the Court concludes that Washington has failed to allege that any of the defendants acted under color of state law in allegedly violating his First Amendment rights, such that his complaint fails to state a claim upon which relief may be granted.  The Court will

therefore adopt the R&R and deny Washington's application to proceed in forma pauperis.

## BACKGROUND

Plaintiff Theron Washington filed this complaint against defendants Prince Hall and Deray Vaghn, essentially alleging that persons and organizations affiliated with Masonic Lodges have prohibited him from practicing his religion in violation of the First Amendment. (*See* Compl., Feb. 25, 2014, Docket No. 1.) The Court construes his claim under the First Amendment as being brought under 42 U.S.C. § 1983. Specifically, he alleges that "he has a particular religion named the Moorish Science Temple of Christianity," which "does not concern Christandome, which is a[] part of the crown of England," and that "Prince Hall is not allowing [him] to establish [his] religion in America by and through indirect and direct means." (Compl. at 6.)[1] He alleges that the "indirect means concerns witch-craft and indirect talk," while the "direct means concerns a radio station that compresses radio waves to puncture a person[']s chest and rib cage in order to cause a heart attack and or stress." (*Id.*) He says that the direct means are a tort and will be filed in a separate complaint in state court, which will also include allegations of Prince Hall in Chicago beating and molesting his two minor children by a dog and that this was an act of beastiality. (*Id.*) The complaint seeks, among other things, $5 million dollars and a "final demit and retri[e]val of [his] birth certificate. (*Id.* at 4.)

---

[1] All page citations refer to the CMECF pagination unless otherwise noted.

He applied to proceed in forma pauperis, stating that he has no income or assets. (Application to Proceed in District Court without Prepaying Fees or Costs, Feb. 25, 2014, Docket No. 2.)   The Magistrate Judge issued an R&R on February 28, 2014 recommending that the Court deny Washington's application for IFP because his complaint failed to state a claim upon which relief could be granted, 28 U.S.C. § 1915(e)(2)(B)(ii), reasoning that Washington's First Amendment claim must fail because he does not allege that the defendants acted under color of state law when they allegedly violated his rights to free exercise of religion.  (R&R, Feb. 28, 2014, Docket No. 3.)

Washington filed a motion on the docket on March 5, 2014, which he titled "to Proceed [] in Forma Pauperis," and the Court construes as objections to the R&R. (Objections to R&R, Mar. 5, 2014, Docket No. 5.)  In his objections, Washington argues that Prince Hall is a government entity because it is a "[]part of the same government by work, and profession of a Masonic Lodge.  By Prince Hall acting as a Mason at the same utilizing their job to utilize witchcraft and other means to suggest that my religious practice and belief is not wanted in Prince Hall."  (*Id.* at 1.)  He attached to this document a list of the first nine amendments to the U.S. Constitution.  (*Id.* at 3.)

On March 7, 2014 Washington filed another document titled as a motion to proceed in forma pauperis.  Among other things, he states in this document that "[i]f the plaintiff is being prohibited by an organization to stop his practice of religion the Pro Se

itself must stand in order for the Judge to hear his complaint."[2] (Motion to Proceed In Forma Pauperis and Pro Se ("Docket No. 6") at 3, Mar. 7, 2014, Docket No. 6.) He further explains, with regard to the R&R's determination as to whether he alleged that an actor acting "under color of state law" violated his rights, that, although he did not address that issue in the complaint, he would address it in this motion and proceeds to argue that "Prince Hall became incorporated as a f[r]aternal order amongst the global and jurisdictional masonic order, which is a[] part of the masonic jurisdiction of America by and through the hand of Scottish Rite Masonic Order, and the Incorporated states." (*Id.* at 4.) He argues that "this country was built by our square and compass" (referring to the symbol of the Masons) and that "Prince Hall must show that they are not a[] part of [the] government and [that] they did not from 2010-2014 of March and current deny me rights by and through their profession of witchcraft and by utilization of employment to make contact with the plaintiff." (*Id.*) He attached to this filing letters from him to the United States Supreme Court and the United Nations and several drawings of masonic symbols. (*Id.* at 6-11.)

Thereafter Washington filed seventeen additional documents on the docket. The Court has reviewed all of these filings and concludes that none of them alter the Court's analysis of Washington's objections to the R&R's conclusion that he fails to state a claim because the defendants are not state actors, so the Court will not describe these filings in detail here. Only one appears to address whether defendants acted under color of state

---

[2] Washington frequently capitalizes words that are not typically capitalized; the Court has altered the capitalization to fit the Court's conventions for ease of reading without noting the alterations.

law, which includes a drawing of an interpretation of the organization of the three branches of government in the United States, with "Freemasonry" sitting above all three, attributed to W. Kiek MacNulty.  (Mot. to Present More Exhibits for Color of State, Apr. 28, 2014, Docket No. 19; Exhibit to Docket No. 19, Apr. 28, 2014, Docket No. 20.)

The remainder of the filings generally involve either additional showings, which do not alter the Court's analysis, or requests related to this lawsuit, which the Court will conclude fails to state a claim.  For example, in some of the filings, Washington appears to seek to add defendants, Albert Pike and Marcus Garvey Tribute, Inc., and to move for an injunction.  (Mot. to Add Def. and Charge the Same at 1, Mar. 28, 2014, Docket No. 12; Mot. to Suppress the Profession of the Old Masonic Order of Albert Pike and Prince Hall, Apr. 15, 2014, Docket No. 15.)  These requests are not procedurally proper, given that when Washington filed them, the Court had not yet ruled on his application to proceed in forma pauperis.  The Court also observes that in one of the filings, Washington appears to seek to initiate a criminal case for molestation against his son. (*See, e.g.*, Motion/Request a Criminal Case Number & Criminal Attorney Federal, May 5, 2014, Docket No. 24.)  If true, his allegations are quite disturbing.  However, this civil case is not the proper forum for a civilian to initiate a state criminal case.

The Court will proceed to address Washington's objections to the Magistrate Judge's conclusion that he should not be permitted to proceed IFP on his First Amendment claims because he does not allege that his rights were violated by someone acting under color of state law.

## ANALYSIS

### I.   STANDARD OF REVIEW

Upon the filing of a report and recommendation by a magistrate judge, a party may "serve and file specific written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b)(2); *accord* D. Minn. LR 72.2(b). "The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3).

### II.   APPLICATION TO PROCEED IN FORMA PAUPERIS

Under 28 U.S.C. § 1915, federal courts may authorize a civil action to proceed without prepayment of fees if a person submits an affidavit indicating that the person is unable to pay the fees. However, if the court determines that the action "fails to state a claim on which relief may be granted," section 1915(e)(2)(B)(ii) directs the court to dismiss the case. *See also Higgins v. Carpenter*, 258 F.3d 797, 800 (8th Cir. 2001) (explaining that 28 U.S.C. § 1915(e)(2)(B)(ii) "allows a court to dismiss, prior to service of process and without leave to amend, an IFP action or appeal if it fails to state a claim on which relief may be granted"). "The language of section 1915(e)(2)(B)(ii) tracks the language of Federal Rule of Civil Procedure 12(b)(6)," so the Court "will apply Rule 12(b)(6) standards in reviewing dismissals under section 1915(e)(2)(B)(ii)." *Mitchell v. Farcass*, 112 F.3d 1483, 1490 (11th Cir. 1997); *see also Atkinson v. Bohn*, 91 F.3d 1127, 1128-29 (8th Cir. 1996) (applying standard of review for failure to state a claim under Rule 12(b)(6) applicable at the time to a dismissal under 28 U.S.C. § 1915(e)(2)(B)(i)).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. At this stage, the "court assumes as true all factual allegations in the pleadings, interpreting them most favorably to the nonmoving party." *Magee v. Trustees of Hamline Univ., Minn.*, 747 F.3d 532, 534-35 (8th Cir. 2014).

The Court concludes that Washington's complaint, along with all of the documents that he has since filed, fails to state a claim upon which relief can be granted because he does not sufficiently allege that the defendants acted under color of state law in allegedly violating his religious expression rights under the First Amendment. The Court construes Washington's complaint as suing under 42 U.S.C. § 1983, which is the only viable means of bringing a claim for damages under the First Amendment. *See Sanders v. Prentice-Hall Corp.*, 178 F.3d 1296 (6th Cir. 1999) ("The Constitution does not directly provide for damages; thus, in order to sustain his constitutional causes of action, [the plaintiff] must proceed under one of the statutes authorizing damages for constitutional violations."); *Arpin v. Santa Clara Valley Transp. Agency*, 261 F.3d 912, 925 (9th Cir. 2001) ("a litigant complaining of a violation of a constitutional right does not have a direct cause of action under the United States Constitution but must utilize 42 U.S.C. § 1983"). Section 1983 "imposes liability for certain actions taken under color of law that deprive a person of a right secured by the Constitution and laws of the United

States." *Magee*, 747 F.3d at 535 (internal quotations omitted). In order "[t]o state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988).

Washington has not plausibly alleged that any of the defendants – Deray Vaghn and Prince Hall, or any of the defendants he has sought to add in his additional filings – are state actors or acted under color of state law when allegedly violating Washington's First Amendment rights. "The traditional definition of acting under color of state law requires that the defendant in a § 1983 action have exercised power possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law." *Atkins*, 487 U.S. at 49 (internal quotations omitted). Nowhere does Washington plausibly allege that the defendants exercise any authority possessed on account of state law. He argues in one of his filings that the defendant Prince Hall is incorporated as a fraternal order which is "part of the masonic jurisdiction of America," and that "this country was built" by masons. (Docket No. 6 at 4.) This is not a sufficient allegation that Prince Hall holds or exercises the power of the United States or any of the states, and any personal involvement of governmental leaders in the Masons does not impute governmental authority to the Masons. *Cf. Moose Lodge No. 107 v. Irvis*, 407 U.S. 163, 171-79 (1972) (§ 1983 suit against a local Moose Lodge, a private, "local chapter of a national fraternal organization" failed because the club was a private entity and could not be considered to be acting under color of state law because it operated

under a liquor license).  While it is not clear from Washington's pleadings exactly who or what the defendants are, Washington has made no allegations supporting a plausible inference that they are government entities or were acting under the auspices of state authority when they allegedly violated his First Amendment rights.  Thus, the Court concludes that Washington's claim under the First Amendment must fail and will deny his application to proceed in forma pauperis under 28 U.S.C. § 1915(e)(2)(B)(ii).

## ORDER

Based on the foregoing, and all the files, records, and proceedings herein, the Court **OVERRULES** Plaintiff's objections [Docket No. 5] and **ADOPTS** the Report and Recommendation of the Magistrate Judge, dated February 28, 2014 [Docket No. 3].  Accordingly **IT IS HEREBY ORDERED** that:

1.      Plaintiff's Application to Proceed without Prepaying Fees or Costs [Docket No. 2] is **DENIED** pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) .

2.      All other motions filed by Washington [Docket Nos. 6, 7, 9, 11, 12, 15, 17, 19, 21, 24, 26[3]] are **DENIED as moot**.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

DATED:  July 24, 2014                                                s/John R. Tunheim
at Minneapolis, Minnesota.                              JOHN R. TUNHEIM
                                                                      United States District Judge

---

[3] Washington's most recent filing is titled "Motion to Close" and appears to be a request to voluntarily dismiss the entire action.  Under Federal Rule of Civil Procedure 41, "an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper."  Fed. R. Civ. P. 41(a)(2).  The Court declines to grant this request.